UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULISA SEARS,

       Plaintiff,

v.

EAGLE SECURITY SERVICE LLC
and CHAD DYE,

       Defendants.

Case No. 25-13189
Honorable Laurie J. Michelson

_____

**ORDER DISMISSING PLAINTIFF'S COMPLAINT [1]**

_____

On October 9, 2025, Julisa Sears filed this *pro se* lawsuit against her former employer Eagle Security Service LLC and hiring manager Chad Dye for employment discrimination in violation of Title VII. (ECF No. 1.) The Court granted Sears' application to proceed without prepaying fees or costs, then screened her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and directed her to show cause why this case should not be dismissed for failure to exhaust administrative remedies. (ECF No. 5.) The Court explained that Sears failed to adequately allege that she filed a charge of discrimination with the EEOC or relevant state agency or that she received a notice of her right to sue from the agency, both of which are prerequisites to filing a Title VII lawsuit. (*See id.* at PageID.10–12.) In her response to the Court's show cause order, Sears essentially concedes that she has not exhausted her administrative remedies under Title VII but asks the Court to excuse the failure. (ECF No. 6,

PageID.15.) For the reasons below, the Court dismisses Sears' complaint without prejudice to her refiling a new complaint after administrative exhaustion.

## I.

To state a claim of employment discrimination under Title VII, a plaintiff first must exhaust her administrative remedies. That is, before she may file suit in federal court, a Title VII plaintiff must file a timely charge with the EEOC or relevant state agency. *See* 42 U.S.C. § 2000e-5(e)(1). If the EEOC dismisses the charge, it will notify the plaintiff of the dismissal and of her right to bring a civil action. *See id.* § 2000e-5(f)(1). That right-to-sue notice "gives the Title VII plaintiff a green light to bring an employment-discrimination claim in court." *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006). Administrative exhaustion thus entails two steps: (1) the timely filing of a charge of discrimination and (2) the receipt of a notice of the right to sue. *See id.* ("It is well settled that a plaintiff must satisfy two prerequisites before filing a Title VII action in federal court: (1) timely file a charge of employment discrimination with the EEOC; and (2) receive and act upon the EEOC's statutory notice of the right to sue ('right-to-sue letter')."); *see also Fort Bend County v. Davis*, 587 U.S. 541, 552 (2019) (explaining that Title VII's administrative exhaustion requirement is "mandatory without being jurisdictional").

As the Court explained in its show cause order (*see* ECF No. 5), "Sears fails to adequately allege that she exhausted her administrative remedies prior to filing this lawsuit. She does not allege that she filed a charge of discrimination with the EEOC or that the agency issued a notice of her right to sue. Nor has she provided a copy of

either document. The Court thus cannot reasonably infer that Sears has exhausted her administrative remedies as required under Title VII." (ECF No. 5, PageID.11); *see Jones v. Windsor Mold Grp.*, No. 24-11676, 2024 U.S. Dist. LEXIS 121204, at *3–4 (E.D. Mich. July 10, 2024) ("[B]ased on his submissions, the Court is unable to determine if [Plaintiff] exhausted his administrative remedies. . . . [T]here is no indication that Plaintiff filed a charge of discrimination for his [federal employment discrimination] claims, nor if a notice of right to sue letter . . . was issued."); *Blount v. Flemmings Nashville* ("*Blount I*"), No. 24-01187, 2024 WL 4846839, at *2 (M.D. Tenn. Nov. 20, 2024) ("The complaint does not allege that Plaintiff has filed a charge of discrimination with the EEOC or the corresponding state agency. Neither does the complaint state whether Plaintiff has received a right-to-sue letter. No right-to-sue letter is attached to the complaint."), *aff'd sub nom.*, *Blount v. Fleming's Prime Steakhouse & Wine Bar* ("*Blount II*"), No. 24-6137, 2025 U.S. App. LEXIS 20888 (6th Cir. Aug. 15, 2025).

For that reason, the Court directed Sears "to show cause . . . why her complaint should not be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to exhaust administrative remedies." (ECF No. 5, PageID.12); *see Windsor Mold Grp.*, 2024 U.S. Dist. LEXIS 121204, at *2–3 (directing *pro se* plaintiff to show cause why employment discrimination claims should not be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to exhaust administrative requirements where plaintiff did not provide right-to-sue letter); *Rozagiriza v. Pepsi Co. Beverage*, No. 25-04030, 2025 WL 2240809, at *3–4 (D.S.D. Aug. 6, 2025) (directing *pro se* plaintiff to file amended complaint with

3

attached right-to-sue letter and warning that failure to comply would result in dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). It specifically instructed Sears that "[h]er show cause response must include a copy of both (1) her charge of discrimination filed with the EEOC or relevant state agency and (2) the right-to-sue letter she received from that agency." (ECF No. 5, PageID.13); *see Walenciej v. E. Ohio Corr. Ctr.*, No. 24-3571, 2025 WL 789556, at *4 n.7 (6th Cir. Mar. 12, 2025) ("To demonstrate compliance with this scheme [of administrative exhaustion under Title VII], a complaint should include exhaustion allegations and attach the right-to-sue letter."). The Court also warned that "an inadequate show-cause response[] may result in dismissal of this case." (ECF No. 5, PageID.13.)

## II.

Sears timely filed a response to the Court's order to show cause. (ECF No. 6.) In it, she does not dispute that she has not yet filed a charge of discrimination or received a right-to-sue notice. To the contrary, she essentially acknowledges that she has not exhausted her administrative remedies under Title VII. (*See id.* at PageID.15 ("As a pro se litigant, [Sears] should not be penalized for a procedural oversight . . . . Even absent a formal EEOC right-to-sue letter, Plaintiff's filing in this Court serves the same essential function . . . ."); *id.* at PageID.16 ("Plaintiff respectfully requests that the Court allow this matter to proceed while she seeks confirmation and documentation from the EEOC, or alternatively, stay the case for sixty (60) days to permit her to *obtain* and submit the EEOC right-to-sue notice . . . ."

(emphasis added)).) But she asks the Court to "[e]xcuse for [e]quitable [r]easons" her failure to exhaust, writing:

> The Supreme Court has clarified that Title VII's administrative exhaustion requirement is not jurisdictional, but rather a claim-processing rule that may be excused for equitable reasons. Fort Bend County v. Davis, 139 S. Ct. 1843, 1851 (2019). Courts retain discretion to excuse non-exhaustion in cases involving waiver, estoppel, or equitable tolling. Zipes v. Trans World Airlines, 455 U.S. 385, 398 (1982).
>
> Here, Plaintiff acted in good faith and without legal counsel to assert her rights under Title VII after experiencing clear discriminatory treatment. As a pro se litigant, she should not be penalized for a procedural oversight when her intent and factual basis for the claim are evident and timely. Dismissing this case would undermine Title VII's remedial and protective purposes.

(*Id.* at PageID.15.)

True, Title VII's administrative exhaustion requirement is a "nonjurisdictional claim-processing rule[]." *Fort Bend County*, 587 U.S. at 548. But that does not make it any less mandatory. *See id.* at 522 ("[A] rule may be mandatory without being jurisdictional, and Title VII's charge-filing requirement fits that bill."). Also true, the exhaustion requirement is "subject to waiver, estoppel, and equitable tolling." *Williams v. Nw. Airlines, Inc.*, 53 F. App'x 350, 352 (6th Cir. 2002) (citing *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982)). But that does not mean the Court has "discretion to simply waive the exhaustion requirement as a mere technicality. [T]he Sixth Circuit has made clear 'plaintiffs should not be encouraged to attempt to bypass the administrative process,' and, therefore, the administrative-exhaustion requirement must be enforced." *Gryder v. Buttigieg*, No. 20-255, 2024 WL 3573462, at *5 n.12 (E.D. Tenn. July 29, 2024) (citation omitted), *aff'd sub nom on other*

grounds, *Gryder v. Duffy*, No. 24-5878, 2025 WL 2807058 (6th Cir. Aug. 5, 2025); *see Jones v. Truck Drivers Loc. Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984) ("[T]here is no basis for setting aside the [exhaustion] requirement as 'technical.'").

Nor is Sears' pro se status—the only argument she raises—a basis to "[e]xcus[e]" (ECF No. 6, PageID.15) Title VII's administrative exhaustion requirement. *See, e.g.*, *James v. Dropsie Coll.*, No. 89-4429, 1989 U.S. Dist. LEXIS 14103, at *4 (E.D. Pa. Nov. 22, 1989) ("The law is clear that courts are not at liberty to extend the ninety (90) day limitation period absent 'equitable considerations.' That a litigant is pro se is not alone an equitable consideration which would justify the tolling of the statute of limitations." (citation omitted)); *McGill v. General Electric*, No. 90-1836, 1990 U.S. Dist. LEXIS 19217, at *5 (D. Md. Nov. 28, 1990) (same). The "principle of liberal construction for unrepresented litigants" (ECF No. 6, PageID.15) means that the Court liberally construes the allegations in Sears' complaint that support the reasonable inference that she exhausted her administrative remedies— not that the Court may ignore the absence of such allegations or ignore the statute's clear exhaustion requirement.

Accordingly, Sears' show cause response provides no basis to excuse the mandatory exhaustion requirement.[1]

---

[1] The Court further notes that "Title VII does not allow for liability on the part of any person or entity other than Plaintiff's 'employer.' And according to [the Sixth Circuit], under 42 U.S.C. § 2000e, an 'employer' does not include the 'supervisors,' 'managers,' or 'co-workers' of a plaintiff." *Han v. Univ. of Dayton*, 541 F. App'x 622, 629 (6th Cir. 2013). Sears' Title VII claims against her former hiring manager thus fail as a matter of law and are dismissable on this independent basis.

Importantly, it is not clear that Sears cannot still exhaust her administrative remedies as statutorily required before refiling a Title VII lawsuit. In other words, the Court's dismissal of Sears' complaint without prejudice does not bar her from future adjudication of her employment discrimination claims, assuming that they are not already time barred.[2] Not to mention, the EEOC or relevant state agency may itself be able to resolve her complaints through its conciliation and voluntary compliance efforts, such that a lawsuit would not be necessary. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974). That would indeed effectuate a key goal and purpose of Title VII's exhaustion requirement. (*Compare* ECF No. 6, PageID.15 ("Dismissing this case [for failure to exhaust] would undermine Title VII's remedial and protective purposes.")), *with Pemberton v. Bell's Brewery, Inc.*, 150 F.4th 751, 764 (6th Cir. 2025) ("A charge of discrimination . . . formally asserts claims, triggers enforcement procedures, and puts the employer on notice of potential legal action. That way, a charge gives the EEOC and the employer a chance to 'settle the dispute through conference, conciliation, and persuasion.'" (citations omitted)), *and Fort Bend County*, 587 U.S. at 552 (noting that "[t]he congressional purposes embodied in the Title VII scheme" include "encouraging conciliation and affording the EEOC first

---

[2] It is unclear from Sears' complaint whether administrative exhaustion is still possible. Namely, Title VII requires that she file a charge of discrimination with the EEOC or relevant state agency within 300 days of the alleged unlawful employment practice, *see* 42 U.S.C. § 2000e-5(e)(1), and her complaint does not date any of the incidents alleged (*see, e.g.*, ECF No. 1, PageID.1 ("On or about [insert date], Plaintiff interviewed with Defendant Chad Dye for employment with Eagle Security Service LLC." (brackets and bracketed text in original))). But assuming that exhaustion is still possible, Sears could refile her Title VII claims once properly exhausted.

option to bring suit"). For the same reasons, the Court will not "stay the case . . . to permit [Sears] to obtain and submit the EEOC right-to-sue notice" (ECF No. 6, PageID.16); future adjudication of Sears' claims, if and when they are properly exhausted, does not require staying the case in the interim, and exhaustion may indeed resolve her claims.

## III.

Having dismissed Sears' claims under federal law, the Court declines to exercise supplemental jurisdiction over the remaining state law claim (Count IV, invasion of privacy). *See* 28 U.S.C. § 1367(c)(3); *Musson Theatrical Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("As a rule of thumb, . . . [w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988))); *see also Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010). The Court dismisses this claim without prejudice.

## IV.

In sum, the Court cannot reasonably infer from Sears' complaint allegations that she exhausted her administrative remedies as required under Title VII. And her show-cause response supports the opposite conclusion. It is thus insufficient to satisfy the Court's show cause order, which instructed Sears to both explain why her complaint should not be dismissed for failure to exhaust and "include a copy of both (1) her charge of discrimination filed with the EEOC or relevant state agency and (2) the right-to-sue letter she received from that agency." (ECF No. 5, PageID.13.)

Accordingly, Sears' complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. *See, e.g.*, *Blount II*, 2025 U.S. App. LEXIS 20888, at *1–2 (recognizing that, although exhaustion requirement is a non-jurisdictional claim-processing rule that typically the defendant must raise as an affirmative defense, the court could raise it *sua sponte* on initial screening under § 1915(e)(2) where it gave plaintiff notice and an opportunity to respond); *Allen v. Shaffer*, No. 20-00150, 2020 WL 12675252, at *3 (W.D. Mo. Sept. 18, 2020) ("[Plaintiff's] Title VII claims are subject to dismissal because the record does not show that the EEOC issued a right-to-sue letter."); *see also Williams*, 53 F. App'x at 351 ("Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII or ADA action."); *Speer v. UCOR, LLC*, No. 21-368, 2022 WL 3971036 at *11 (E.D. Tenn. Aug. 31, 2022) ("Courts routinely dismiss actions when a plaintiff has failed to exhaust his administrative remedies." (collecting cases)).

SO ORDERED.

Dated: November 14, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE